UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTER FOR DERMATOLOGY AND SKIN CANCER, LTD.; and ROBERT V. KOLBUSZ, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> HUMANA INSURANCE COMPANY and HUMANA HEALTH PLAN, INC., <br><br> Defendants. | Case No. 12-CV-9634 <br><br> Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs, Center for Dermatology and Skin Cancer, Ltd. and Dr. Robert V. Kolbusz, filed suit against Defendants Humana Insurance Company and Humana Health Plan, Inc. (collectively, "Humana"), on December 4, 2012. Plaintiffs filed an Amended Complaint on February 22, 2013, alleging three counts against Defendants: (I) tortious interference with a contract; (II) tortious interference with a prospective economic advantage; and (III) breach of a settlement agreement. Defendants move to dismiss Counts I and II of the Amended Complaint. For the reasons provided below, this Motion is denied.

## **BACKGROUND**

The following facts are drawn from the Amended Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Kolbusz is a board-certified dermatologist who practices medicine through the Center for Dermatology and Skin Cancer, Ltd., an Illinois corporation. (Am. Compl. ¶ 1.) Humana Insurance Company is a Wisconsin insurance company with its principal place of business located in Wisconsin; Humana Health Plan is a Kentucky insurance company with its

principal place of business in Kentucky.  (*Id.* ¶¶ 2-3.)  Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper under 28 U.S.C. § 1391.  (*Id.* ¶¶ 5-6.)

For an extended period of time, Kolbusz served as a Humana contracted-provider, through a contract he entered into directly with Humana.  (*Id.* ¶ 8.)  Under that contract, Kolbusz treated Humana enrollees and was paid for his medical services under the rates provided for in the contract.  (*Id.*)  Kolbusz was listed as a Humana network physician in the Humana Physician Finder.  (*Id.*)

On January 1, 2010, Kolbusz ceased to be a participating physician with Humana under that contract.  (*Id.* ¶ 9.)  Instead, a physician hospital organization, called the Integrated Physician Association ("IPA"), entered into a contract with Humana, which superseded the individual contracts between Humana and the IPA members.  (*Id.*)  Kolbusz was an IPA member.  (*Id.*)  Due to Kolbusz's membership in and contract with the IPA, he was still considered a participating physician in the Humana network and was paid at a rate set by the IPA-Humana Contract.  (*Id.* ¶¶ 9-10.)  Kolbusz continued to see Humana enrollees as a member of the IPA.  (*Id.* ¶ 11.)  Under the IPA-Humana Contract, the IPA determined who among its members was qualified to provide care to Humana enrollees; Kolbusz remains in good standing as a provider in the IPA.  (*Id.* ¶¶ 13-14.)

On or about July 1, 2010, Humana informed Kolbusz it was discontinuing his Physician Participation Agreement effective October 1, 2010; however, this decision was of no effect as that agreement was superseded by the IPA-Humana Contract on January 1, 2010.  (*Id.* ¶ 15.)  Humana informed Kolbusz's patients he was no longer in the Humana network and further directed these patients to find another physician within the Humana network.  (*Id.* ¶ 16.)  As a result of this, Kolbusz filed suit against Humana in the Circuit Court of Cook County, Illinois,

2

which was removed to the Northern District of Illinois. (*Id.* ¶ 17; *Center for Dermatology and Skin Cancer, Ltd. v. Humana Ins. Co.*, Case No. 11-cv-6837.) The parties settled that litigation on July 17, 2012, and the parties agreed that Kolbusz would remain an in-network provider with Humana. (*Id.* ¶ 18.)

On October 3, 2012, Kolbusz was indicted in this District for Medicare fraud, mail fraud, and wire fraud, purportedly submitting false claims to Medicare and insurers, including Humana. *See United States v. Kolbusz*, Case No. 12-cr-782.[1] Despite the settlement agreement between Humana and Kolbusz, the day after Kolbusz was indicted, October 4, 2012, Humana again "de-participated" Kolbusz from its network and informed Kolbusz's patients that his services were no longer covered by Humana. (*Id.* ¶ 19.)

This termination of Kolbusz from the Humana network caused and will continue to cause patients with Humana insurance to cease using Kolbusz's services. (*Id.* ¶ 21.) As a result of this attrition in patients, Kolbusz has lost revenue, and he will also be prospectively harmed by the loss of future, new patients. (*Id.* ¶¶ 22-23.) These lost patients will establish new relationships with different physicians, and Kolbusz and his business will be irreparably harmed. (*Id.* ¶¶ 24-25.)

Kolbusz asserts three counts against Defendants in the Amended Complaint. First, Kolbusz asserts Humana tortiously interfered with the agreement between the IPA and Kolbusz, because Humana did not have the authority to departicipate Kolbusz under the terms of the IPA-Humana Contract. Count II of the Amended Complaint asserts Defendants tortiously interfered

---

[1] A court may take judicial notice of public record, including court documents, without converting the 12(b)(6) motion into a motion for summary judgment. *See Pugh v. Tribune Co.*, 521 F.3d 686, 691, n.2 (7th Cir. 2008).

with Kolbusz's prospective business advantage by causing patients to cease using Kolbusz's services and by preventing new patients to seek out and employ Kolbusz's services. Count III of the Amended Complaint alleges Humana breached the Settlement Agreement between the parties. Defendants move to dismiss Counts I and II of the Amended Complaint, asserting Plaintiffs failed to state claims upon which relief may be granted, in violation of Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. In order to defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim has the requisite facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

**ANALYSIS**

*Tortious Interference with a Contract*

To assert a claim for tortious interference with a contract in Illinois, a plaintiff must allege: "(1) the existence of a valid contract; (2) the defendant's awareness of the contractual relationship; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other party caused by the defendant's inducement; and (5) resulting damages." *Lewis v. Dominick's Finer Foods, LLC*, Case No. 13 C 530, 2013 WL 4401376, at *7 (N.D. Ill. Aug. 14, 2013) (citing *Voelker v. Porsche Cars North Am., Inc.*, 353 F.3d 516, 527–28 (7th Cir. 2003)). Humana argues Plaintiffs fail to adequately allege the third and fourth elements of this claim; namely, that Plaintiffs do not allege "that the IPA breached its contract with Kolbusz or that Humana intentionally and unjustifiably induced such a breach." (Mem. in Support of Mot. to Dismiss at 4-5.)

Plaintiffs contend that in the Amended Complaint, they alleged that the agreement between the IPA and Kolbusz was breached and that Humana intentionally induced that breach. In particular, Plaintiffs assert in their Response that the IPA-Kolbusz agreement gave Kolbusz the right to be listed as a provider on the Humana website. (Resp. at 5.) Moreover, in the Amended Complaint, Kolbusz alleges he enjoyed status as a Humana provider through his contract with the IPA. (Am. Compl. ¶ 10.) Under this contract, Kolbusz was entitled to see Humana enrollees. (*Id.* ¶ 11.) Under the terms of the IPA-Humana Contract, the IPA had the right and duty to determine if Kolbusz was eligible to see Humana patients; and, therefore, Kolbusz had a right to expect this due to his contractual relationship with the IPA. (*See Id.* ¶ 13.) Kolbusz continues to be a physician in good standing with the IPA. (*Id.* ¶ 14.) Humana discontinued Kolbusz's ability to see Humana enrollees; though, under the Humana-IPA

5

Contract, only the IPA had the ability to review the suitability and qualifications of the IPA members. (*Id.* ¶ 15.) Reviewing the Amended Complaint in a light most favorable to Plaintiffs, it is apparent Plaintiffs allege that Humana intentionally and unjustifiably sought to induce a breach in the agreement between IPA and Kolbusz, which provided Kolbusz with the right to see Humana patients, provided he remain in good standing with the IPA. Accordingly, Plaintiffs have alleged enough facts to state a claim that the agreement between the IPA and Kolbusz was breached. Therefore, because Plaintiffs have alleged sufficient facts to support a claim of tortious interference with a contract, Humana's Motion to Dismiss Count I of the Amended Complaint is denied.

*Tortious Interference with Prospective Economic Advantage*

Under Illinois law, a plaintiff asserting a claim for tortious interference with a prospective economic advantage must allege: (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant had knowledge of that expectation; (3) defendant's intentional and unjustified interference caused a breach or termination of that expectation; and (4) damages. *Ali v. Shaw*, 481 F.3d 942, 944 (7th Cir. 2007) (citing *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 877–78 (1991)). "The tort of intentional interference with prospective economic advantage requires some conduct 'directed toward a third party through which defendants purposely cause that third party not to enter into or continue' a relationship with the plaintiff." *Hackman v. Dickerson Realtors, Inc.*, 557 F. Supp. 2d 938, 949 (N.D. Ill. 2008) (quoting *McIntosh v. Magna Systems, Inc.*, 539 F.Supp. 1185 (N.D. Ill. 1982)). "[T]he gravamen of the charge is interference with an existing relationship, and the absence of an enforceable contract does not bar recovery." *Dowd & Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 370 (1998).

Humana contends that Kolbusz's contract with Humana bars Plaintiffs from asserting this claim because it is "based on alleged advantages that exist by virtue of the contract that settled the Previous Litigation." (Mem. in Support of Mot. Dismiss at 6.) Plaintiffs assert Humana interfered with Kolbusz's prospective economic advantages: (1) that his patients would continue to utilize his services for years to come, and (2) that he would obtain new patients who may be referred to him by Humana enrollees.

Humana's argument as to this count is unavailing. Kolbusz's prospective economic advantages do not necessarily arise out of Kolbusz's Settlement Agreement with Humana, and he does not assert this in the Amended Complaint. Rather, Kolbusz's prospective economic advantages arise out of his existing and prospective patients and their decisions to receive medical treatment from him. More importantly, Plaintiffs have adequately stated a claim under Fed. R. Civ. P. 12(b)(6) and have pled enough factual content as to put Humana on notice as to the claim at issue. It is premature to determine if the Settlement Agreement governs Kolbusz's rights regarding his ability to attract and maintain a patient base. Therefore, Humana's Motion to Dismiss Count II of the Amended Complaint is denied.

## CONCLUSION

For the reasons set forth above, Humana's Motion to Dismiss is denied.

Date: <u>September 12, 2013</u>

_____
JOHN W. DARRAH
United States District Court Judge